IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRY LAYNE RAGSDALE, | ) | |
| ID # 30700-177, | ) | |
| Movant, | ) | No. 3:07-CV-0325-D (BH) |
| vs. | ) | No. 3:03-CR-0072-D (01) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:03-CR-0072-D. The respondent is the United States of America (Government).

**B. Factual and Procedural History**

On March 26, 2003, the Government indicted Movant and his wife for conspiracy to mail obscene material and for mailing obscene material.[1] (*See* Indictment, doc. 1.)[2] The case proceeded to trial, and a jury found Movant guilty on all counts on October 22, 2003. (*See* Jury Verdict, doc.

---

[1] The alleged obscene material was videotapes depicting rape.

[2] All document numbers refer to the docket number assigned to the pleading in the underlying criminal action, No. 3:03-CR-0072-D.

91.) On November 17, 2003, he filed a motion for new trial, and the Court denied it on December 15, 2003. (*See* Mot. New Trial, doc. 109; Order dated Dec. 15, 2003, doc. 113.) On March 8, 2004, the Court entered judgment upon the jury verdict and sentenced Movant to thirty-three months imprisonment. (*See* Judgment, doc. 120.) On September 27, 2005, the Fifth Circuit Court of Appeals affirmed the conviction. *United States v. Ragsdale*, 426 F.3d 765, 768 (5th Cir. 2005), *cert. denied*, 546 U.S. 1202 (2006).

Movant filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 in February 2007 alleging the following substantive claims: (1) improper jury verdict in light of new evidence; (2) improper denial of acceptance of responsibility; (3) constitutional violations in light of *United States v. Booker*, 543 U.S. 220 (2005); (4) exclusion of evidence regarding advice of counsel defense; (5) ineffective assistance of counsel; and (6) unconstitutional statute of conviction. In its response in opposition, the Government argues that Claim 1 is successive; Claims 2, 3, 4, and 6 were decided against movant on direct appeal; and Claim 5 entitles movant to no relief in this § 2255 action. Movant thereafter waived his opportunity to reply to the Government's answer and moved for an evidentiary hearing and appointment of counsel; the Court denied the motions by Order dated June 4, 2007.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*)

(quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants who collaterally attack their federal convictions, furthermore, may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v.. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

In this instance, the Government does not invoke procedural bar as a defense to any claim. Because Movant clearly set out the claims he raises in this action, and because the Government responds to each one in some respect, the Court finds that the Government intentionally waived the procedural bar defense. *Cf. id.* (finding no intentional waiver because the pleadings were not clear as to whether the movant was actually raising the barred claim and because the government raised the defense at the first opportunity it had).

Although the Government has waived the procedural bar defense, it specifically asserts

procedural bases for not considering Claims 1, 2, 3, 4, and 6 on their merits. It argues that the first claim is successive and that latter claims were decided against Movant on direct appeal. The Fifth Circuit Court of Appeals has indeed considered and rejected Claims 2, 3, 4, and 6 raised in this action. *See United States v. Ragsdale*, 426 F.3d 765, 777-78, 781-85 (5th Cir. 2005). Consequently, Movant may not pursue them again in this collateral attack of his conviction. *See Rocha*, 109 F.3d at 229. Of course, to the extent the Court can reasonably construe the claims as asserting ineffective assistance of counsel, the Court may consider them. *Massaro*, 538 U.S. at 503-04.

### III. SUCCESSIVE CLAIM

Relying on *Crockett v. United States*, 593 F.2d 5 (5th Cir. 1979) (per curiam), the Government argues that Claim 1 is successive because Movant raised the same claim in his motion for new trial. It also cites *United States v. Colon-Padilla*, 770 F.2d 1328 (5th Cir. 1985) and *Bell v. United States*, 419 F.2d 1312 (5th Cir. 1970) for the proposition that when a § 2255 movant raises the same contention that was previously presented and considered by the district court, the court does not err in denying relief in the § 2255 proceeding upon the record without a hearing.

The Fifth Circuit decided *Crockett* long before § 2255 was amended in 1996 so as to include its own provision for handling successive motions. *Crockett*, furthermore, specifically relied upon Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts as it existed in 1979. *See* 593 F.2d at 7. However, as of December 2004, Rule 9 was amended to its current form, which provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider

4

the motion, as required by 28 U.S.C. § 2255, para. 8."[3] Under § 2255 as it existed after the 1996 amendments and under Rule 9 as amended in 2004, it appears clear that a successiveness issue only arises after the filing of a prior § 2255 motion, not merely after the filing of a motion for new trial. Moreover, the Supreme Court has recognized that the successiveness restriction of § 2255 applies following a prior § 2255 motion, not following a prior motion for new trial, unless the prior motion was recharacterized as a motion to vacate with adequate warning given to the movant. *See Castro v. United States*, 540 U.S. 375, 378, 383-84 (2003). The motion for new trial in this case was not recharacterized as a motion to vacate, and thus provides no basis for raising a successiveness issue. For all of these reasons, the Court finds that Claim 1 is not successive on grounds that Movant raised the same claim in his motion for new trial.

Nevertheless, district courts may appropriately deny relief in a § 2255 action on the record without a hearing when the movant raises a contention that was previously rejected by the district court. *See United States v. Colon-Padilla*, 770 F.2d 1328, 1333 (5th Cir. 1985). In this instance, Movant filed a motion for new trial wherein he informed the Court that a juror had alerted defense counsel after trial that the verdict was not unanimous and she did not agree to a guilty verdict. The District Court considered whether the "juror's post-trial claim that she did not vote to convict the defendants is admissible to prove that the verdict in this case was not unanimous." (Mem. Op. & Order, doc. 113, at 1.) Relying on Fed. R. Evid. 606(b), the Court held that the material parts of the juror's declaration were inadmissible and denied the motion. (*Id.* at 1-8.) Movant's first claim in this § 2255 action presents the same claim to the Court. (*See* Mot. Vacate at 5.) He relies on the

---

[3] Based upon amendments to 28 U.S.C. § 2255 that took effect on January 7, 2008, the former ¶ 8 is now codified as subparagraph (h).

same juror affidavit that the Court considered and deemed the material parts inadmissible. (*Compare id.* at 5 and App. 8 *with* Decl. of Marmon, attached to Mot. New Trial.) He further relies on a letter from the juror dated January 9, 2004. (*See* Mot. Vacate at 5 and Ex. 1.) Although the Court did not consider that letter in denying the motion for new trial, the letter provides no admissible evidence that would alter the Court's ruling for two reasons. First, the letter is not in the form of an affidavit. More importantly, the letter provides no material admissible information under Rule 606(b).[4] For all of these reasons, Claim 1 entitles Movant to no relief in this § 2255 action.

Movant argues that an exception to Rule 606(b) should allow the Court to delve into the juror's allegations of abuse, mistreatment, intimidation, and coercion during jury deliberations. (*See* Mot. Vacate at 6.) The juror's letter, however, clearly reflects that all such allegations occurred within the confines of the jury room. (*See* Ex. 1 attached to Mot. Vacate.) The letter does not indicate that any extraneous prejudicial information was improperly brought to the attention of the jury, that any outside influence was improperly brought bear upon her, or that any mistake was made in entering the verdict on the verdict form. (*See id.*) Rule 606(b) is precisely tailored to preclude live or affidavit testimony of such events to attack the validity of the verdict. The Court finds no exception to Rule 606(b) to consider the material allegations within the January 9, 2004 letter, even if the letter had been submitted as a sworn affidavit.

---

[4] Rule 606(b) provides:
> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim 5, Movant asserts that attorney rendered ineffective assistance of counsel in various respects at trial and on appeal. (*See* Mot. Vacate at 17-18.) In addition, Movant asserts that, at sentencing, his attorney failed to fully develop his claim regarding acceptance of responsibility (Claim 2.) (*See id.* at 10.)

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696.

To succeed on his ineffective-assistance claims, movant must show a deficiency of counsel that prejudiced his defense. *See id.* at 687. This test applies to allegations of ineffective assistance of trial and appellate counsel. *See Phillips*, 210 F.3d at 348. A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined

7

or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

With respect to alleged deficiencies of appellate counsel, an attorney need not raise every non-frivolous issue on appeal to be effective. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel renders deficient performance by not raising claims on appeal, the Court must consider whether the omitted challenges "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This same standard applies when determining prejudice based upon an alleged deficiency of appellate counsel. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200. Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. The prejudice component

of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (holding that "conclusory allegations of ineffective assistance of counsel" are insufficient to raise a constitutional issue under § 2254); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (same).

Movant asserts that counsel rendered ineffective assistance by failing to: (A) assert a vital constitutional argument to the district court and on appeal charging that 18 U.S.C. § 1461 violates substantive due process rights; (B) present evidence that Movant had personally consulted with an attorney regarding the legality of the videotapes posted for sale on the internet; (C) investigate the January 9, 2004 juror letter or present it in a motion to the district court or on appeal; and (D) assert a *Booker*-type objection at sentencing regarding a four level increase in his offense level. (*See* Mot. Vacate at 17-18.) Movant also claims that his attorney failed to fully develop the record at sentencing regarding his claim that the Court improperly denied a reduction in offense level based upon his acceptance of responsibility (Claim 2). (*See id.* at 10.)

### A. Constitutionality of 18 U.S.C. § 1461

Movant asserts that his attorney rendered ineffective assistance when he failed to argue before the district court, or timely argue before the appellate court, that 18 U.S.C. § 1461 is unconstitutional in that it violates his substantive due process rights to possess obscene materials – a liberty interest established in *Stanley v. Georgia*, 394 U.S. 557 (1969). He contends that the right to possess such materials establishes a corresponding right to obtain such materials.

Counsel for Movant first raised the substantive due process claim in supplemental appellate briefing, and the Fifth Circuit found that Movant had waived the claim by not raising it in the trial court or in his initial appellate brief. *See United States v. Ragsdale*, 426 F.3d 765, 785 n.9 (5th Cir. 2005). The Fifth Circuit noted, however, that Movant had "seized upon musings" from dissenters in *Lawrence v. Texas*, 539 U.S. 558 (2003), and that the claim was "made all the more attractive" by acceptance of a similar claim in *United States v. Extreme Assocs., Inc.*, 352 F. Supp. 2d 578 (W.D. Pa. 2005). *Ragsdale*, 426 F.3d at 785 n.9. Nevertheless, it recognized that the constitutionality of § 1461 has been consistently upheld by the Supreme Court. *Id.* at 785 (citing *Roth v. United States*, 354 U.S. 476 (1957); *Miller v. California*, 413 U.S. 15 (1973); *Paris Adult Theatre v. Slaton*, 413 U.S. 49 (1973); *Hamling v. United States*, 418 U.S. 87 (1974); *Smith v. United States*, 431 U.S. 291 (1977)). Movant's reliance on a perceived implicit overruling of those cases by *Lawrence* does not change the legal landscape at the time of his trial and appeal. The lower courts are commanded by Supreme Court precedent to apply directly applicable precedent rather than finding such precedent implicitly overruled because a particular case "appears to rest on reasons rejected in some other line of decisions." *See Rodriguez de Quijas v. Shearson/American Express Inc.*, 490 U.S. 477, 484 (1989); *accord*, *Agostini v. Felton*, 521 U.S. 203, 237 (1997). The Fifth Circuit has consistently followed such

command.  *See, e.g.*, *United States v. Coil*, 442 F.2d 912, 916 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 1326 (2007); *Singer v. City of Waco*, 324 F.3d 813, 817-18 (5th Cir. 2003).  Consequently, even if counsel had timely made the substantive due process argument, it would have failed.

In *Coil*, furthermore, the Fifth Circuit relied on *Rodriguez de Quijas* and *Agostini* to uphold a constitutional challenge to § 1465 – an obscenity statute related to the one here at issue, § 1461. *See Coil*, 442 F.2d at 915-17.  The Fifth Circuit specifically agreed with *United States v. Extreme Assocs., Inc.*, 431 F.3d 150, 155-62 (3d Cir. 2005) that *Lawrence* does not render § 1465 unconstitutional.  As recognized in the Third Circuit opinion, the same analysis applies to both § 1461 and § 1465.  *See Extreme Assocs., Inc.*, 431 F.3d at 155-62.  "In the absence of a contrary ruling from the Supreme Court, *Stanley*'s progeny upholding the constitutionality of the obscenity laws against attacks based on both the First Amendment and substantive due process controls" the resolution of Movant's claim.  *See Coil*, 442 F.2d at 917.  Additionally, although Movant's claim may have been made more attractive by the acceptance of such claim by the Western District of Pennsylvania, the Third Circuit reversed the lower court's decision.  *See Extreme Assocs., Inc.*, 431 F.3d at 155-62, *reversing* 352 F. Supp. 2d 578 (W.D. Pa. 2005).

The failure to assert a substantive due process challenge to § 1461 at the trial court level or timely assert such challenge at the appellate level does not rise to the level of ineffective assistance of counsel.  There is no reasonable probability that, but for such failures, the result of the proceedings would have differed.  The alleged deficiency of trial and appellate counsel did not render any proceeding fundamentally unfair.  Without a showing of prejudice, this claim entitles Movant to no § 2255 relief.

### B. Advice of Counsel Defense

Movant claims that his attorney rendered ineffective assistance by failing to present at trial or on appeal the fact that he personally consulted with an attorney regarding the legality of selling the videotapes he posted for sale on the internet. He argues that both the trial and appellate courts thus erred in excluding the entire defense based upon hearsay.

The Fifth Circuit found no abuse of "discretion in excluding evidence relating to an advice of counsel defense", not because the evidence was hearsay, but because the proffered evidence went toward a defense that was unavailable to Movant. *See Ragsdale*, 426 F.3d at 778 ("Because § 1461 does not require an intent to violate the law, Garry could not assert as a defense that he relied on advice from counsel that the materials were not illegal."). The Fifth Circuit held that the proffered evidence "is not relevant when it is entered for the sole purpose of supporting an unassertable defense." *Id.* Evidence of a personal consultation with counsel regarding the legality of Movant's conduct is likewise irrelevant when presented solely to support an unavailable defense. Consequently, there is no reasonable probability that, but for the failure of counsel to present evidence of such a personal consultation with counsel, that the outcome of the trial or appellate proceedings would have differed. This alleged deficiency of counsel rendered no proceeding fundamentally unfair. In the absence of prejudice, this claim entitles Movant to no § 2255 relief.

### C. Letter from Juror

Movant next asserts that his attorney rendered ineffective assistance by failing to further investigate the January 9, 2004 juror letter, failing to present that letter to any court, failing to present the issue on appeal, and failing to file any post-trial proceedings in the trial court other than the motion for new trial some months before.

For the reasons previously stated with respect to Claim 1, the letter of January 9, 2004, provides no basis to alter the Court's ruling on Movant's motion for new trial. Consequently, trial counsel did not render deficient representation when he failed to present the letter to this Court or to file any post-trial motion regarding the letter. For the reasons stated with respect to Claim 1 and for the reasons stated in the Court's ruling on the motion for new trial, any issue regarding the validity of the verdict based upon information received from the juror had insufficient merit to warrant presenting on appeal. In the absence of a deficiency of counsel, Movant is not entitled to § 2255 relief.

In addition, to succeed on a claimed failure to investigate, Movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Movant fails to identify what, if anything, such investigation would have discovered or how such investigation would have created a reasonable probability that the outcome of the proceedings against him would have differed. He simply provides no support for this claim. Conclusory allegations of ineffective assistance of counsel raise no constitutional issue in a § 2255 action. *See United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

### D. *Booker* Objection

Movant asserts that his trial attorney rendered ineffective assistance of counsel at sentencing when he failed to raise a *Booker*-like objection to a four-level increase in his offense level for selling materials that depicted scenes of violence or sadistic or masochistic conduct. He argues that had

13

counsel lodged such objection, and the Court denied it, then the appellate court would have reviewed the claim under a harmless rather than plain error standard.[5]

On appeal in this case, the Fifth Circuit recognized that "the finding that the materials depicted sadistic or masochistic conduct, or scenes of violence, were findings of fact beyond those permitted by the jury's verdict", but because Movant lodged no objection to the increase to his sentence, it reviewed the issue for plain error. *Ragsdale*, 426 F.3d at 783. Under such review, the court had to determine whether the error affected Movant's substantial rights. *Id.* at 784. In other words, the court had to determine whether Movant had demonstrated "a probability that the error affected the outcome of the district court proceedings, a probability sufficient to undermine confidence in the outcome." *Id.* (citation and internal quotation marks omitted). Because Movant failed to "establish that the outcome of the district court proceedings would have been any different absent the Sixth Amendment error, *i.e.*, under an advisory sentencing system", the court found that Movant had not carried his burden and thus declined to find plain error. *Id.*

As noted in the appellate decision, the District Court recognized that it possessed the discretion on several grounds to depart downward from the guidelines range with respect to Movant's co-defendant (his wife), but the District Court declined to do so. *Id.* at 784 n.8. Because Movant and his wife were convicted under the same charges and facts, and the wife received a three-month shorter sentence than her husband, the failure to depart downward despite discretion to do so shows that the Court was not inclined to give a lesser sentence to Movant even had counsel lodged a

---

[5] This claim is closely related to Claim 3 raised in this action. In Claim 3, Movant argues that the Fifth Circuit wrongly decided that he suffered no constitutional violation in light of *Booker*. He also states that appellate counsel "ineffectively argued" the issue in a supplemental brief on direct appeal. To the extent this statement should be construed as a claim of ineffective assistance of appellate counsel, it is conclusory and without merit. That an argument does not prompt a ruling in one's favor does not show ineffective assistance of counsel.

14

*Booker*-type objection. To show prejudice at sentencing, Movant must show a reasonable probability that but for the deficiency of counsel his sentence would have been less harsh. He has not carried that burden. Even if the Court applied an advisory sentencing scheme, there is no reasonable probability that the Court would have imposed a lesser sentence. Furthermore, there is no reasonable probability that the outcome on appeal would have differed had counsel lodged the objection and had the appellate court reviewed the ruling for harmless error.

**E.  Acceptance of Responsibility**

Although Claim 5 specifically sets out Movant's specific claims of ineffective assistance of counsel, Movant also states with respect to Claim 2 that his attorney failed to fully develop the record at sentencing regarding his claim that the Court improperly denied a reduction in offense level based upon his acceptance of responsibility. The Court liberally construes this statement as a separate claim of ineffective assistance of counsel.

On direct appeal, Movant argued that he was entitled to a sentencing reduction for acceptance of responsibility. *Ragsdale*, 426 F.3d at 782. The Fifth Circuit rejected the argument because Movant challenged his factual guilt by going to trial to dispute whether the video tapes he sold were obscene. *Id.* The Court thus upheld the district court's decision to not award a sentence reduction for acceptance of responsibility. *Id.* Movant has identified no further development of the record that would change the outcome at sentencing or on appeal. He has not overcome the presumption that counsel's conduct falls within the wide range of conduct that constitutes reasonable assistance of counsel, and this claim entitles him to no § 2255 relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 7th day of April, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE